knowingly, in the neighborhood of such a saloon, and thereby destroy the use for saloon purposes of a building thus occupied? All are presumed to know the law, and it is not too much to ask of the managers of ecclesiastical and educational institutions that in selecting a site for their buildings they inquire in the neighborhood in which they propose to locate as to the existence of established rights of saloons of long standing, that enjoyed the protection of the law at the time of the passage of the act under consideration. The grounds upon which the respondents place their refusal of the relator's application are not tenable. The relator is entitled to the license applied for, and the decision of the board of excise should be reversed, with $50 costs, and a mandamus should issue requiring said board to grant a license to the relator.

(13 Misc. Rep. 527.)

## McDONALD v. O'HARA.

(Superior Court of New York City, General Term. July 1, 1895.)

CONVERSION—ELECTION TO TAKE REALTY—POWER OF SALE.

Where the beneficiaries under a will which converts land into personalty by a mandatory power of sale given to the executors, elect to take the land, there is a reconversion into personalty, and the power of sale is extinguished.

Appeal from special term.

Action by James A. McDonald, an infant, by his guardian ad litem, against Bryon O'Hara, as surviving executor, and others. From an order continuing an injunction pendente lite, defendant O'Hara appeals. Affirmed.

The opinion of McADAM, J., at special term, is as follows:

The will, by conferring on the executors a mandatory power of sale, converted the land into money. The parties in interest, having elected to take the land as such, have worked an equitable reconversion. It is again land, and the title is in them in fee. Cases cited in 9 Misc. Rep. 686, 30 N. Y. Supp. 545; affirmed 144 N. Y. 566, 39 N. E. 642. The infant, by its testamentary guardian and its guardian ad litem, with the sanction of the court, hereby expressed, has joined with the adults in the election, so as to make it the united as well as the binding act of all. The reconversion is complete and the power of sale extinguished. If the executor, as he claims, has incurred expenses in reference to the land prior to the reconversion, and he cannot obtain reimbursement from the estate in his hands, he may plead the facts, that the court may in its final decree protect, by equitable lien or otherwise, any just demand he may have. Those who seek equity must do equity. In the meantime the injunction prayed for, restraining further interference with the land by the executor, will be granted. No costs.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

William J. Lacey, for appellant.
James Kearney, for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements, upon the opinion filed by the learned judge at special term. All concur.